Read, J.
The whole question in this case is, whether the ^edge, allowing the writ of error and directing a suspension of the execution, had authority to discharge upon bail. This had been done in several instances, after the passage of the act allowing writs of error in criminal cases. If the Judge directing the recognizance had no power to let to bail, it is void. We have decided this point at this term, in the case of Powell v. The State of Ohio. If the recognizance is not good as a statutory bond, it is not good at common law.
It is contended that, the 12th section of the eighth article of the constitution, which declares that all persons shall be bailable by sufficient sureties, unless for capital offences, where the proof is evident, or the presumption; great, confers the power to let to bail, as exercised in this instance; and that the habeas, corpus act recognizes the same principle.
It is claimed that, at common law, all felonies were bailable until limited by .statute, and that the Court of King’s Bench exercised this power as well after as before conviction. For the power to bail, and its mode of exercise, we look to our own constitution and laws. Although the jurisdiction and power of the Court is conferred by the constitution, it is to be exercised in the mode pointed out by the statute. It is true that the constitution confers sufficient power to authorize the Legislature, by statute, to permit bail, as well after as before conviction. This power has been both exercised and prohibited, in the very act under consideration, according to the grade of offence ; forbidding, upon the well known rules of construing statutes, to discharge upon bail in capital or penitentiary cases, and directing that bail in all other cases may be taken, until judgment be reversed or affirmed. Prior to this act, writs of error were not allowed in criminal cases, and a suspension of execution could only result from executive pardon or respite, or a continuance by the courts. The act allowing writs of error in criminal cases, directs a suspension of execution in capital and penitentiary *599 cases,, until the writ of error shall be finally .disposed of;'but-in all other cases makes the suspension of execution to depend upon entering into a recognizance, conditioned to proseohte his writ of error to effect, and to surrender himself to the sheriff of the county'in which conviction was had, .unless the judgment be reversed or a new trial ordered.,- The-Statute,, then,'has rected the mode and incidents of .the application and allowance, of a writ of error in criminal cases., ,-Th'e' person convicted, is ■in á ¡better, condition- than before this statute was enacted.' If-it had not been enacted the-judgment-'could have been át once carried into execution. The constitution did not'forbid that, or authorize bail. Why, then,-after conviction, if-the Legislature -see proper to suspend sentence, for the benefit of the prisoner, should the constitution step in and direct bail ? If, after conviction, there is '• power to order' immediate' execution, why should a more merciful and - favorable exercise of power, in behalf of the prisoner, create an additional right to bail? 'We can perceive n.o solid 'reason for any such construction-. Before conviction, all persons, as -limited by the constitution, are bailable. After- conviction, it depends upon the ‘statute whether they shall be -let to bail or not. In this case,' the act not authorizing bail, the Judge .had, no; povver.to direct'the recognizance, and it is therefore void.
The demurrer .to the declaration was -well taken, and the judgment of the Court of-Common Pleas is affirmed, except as to judgment for- costs against the State, and,' as to that, reversed. • • ". ■• •